UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCOS F. SANTIAGO, | ) CIVIL ACTION |
| Plaintiff, | ) |
| vs. | ) |
| LIEUTENANT KEITH FIELDS<br>OFFICER KEITH HAMPTON<br>OFFICER PATRICK HENDERSON<br>OFFICER C. HEMMINGS<br>OFFICER S. MORELLO, | ) |
| Defendants. | ) Case No.: 05-4884-TMG |

## FIRST AMENDED COMPLAINT

Under the Eighth Amendment to the United States Constitution, Plaintiff Marcos F. Santiago brings this action for damages against Defendants, demanding a trial by jury, and complaining and alleging as follows:

### NATURE OF THE CASE

1. This is a civil action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics</u>, 403 U.S. 388 (1971) by Plaintiff Marcos F. Santiago against Defendants Keith Fields, Keith Hampton, Patrick Henderson, C. Hemmings, and S. Morello. On March 28, 2005, Lt. Keith Fields punched, stomped, and choked Mr. Santiago while he was on the floor of his cell shackled in arm and leg irons. The other Defendants either held Mr. Santiago down while Lt. Fields attacked him or failed to stop Lt. Fields. Defendants' actions violated Mr. Santiago's right to be free from cruel and unusual punishment. As a result of these actions, Mr. Santiago suffered serious injuries, and he seeks compensatory damages and punitive damages, along with

- 2 -

reasonable attorney's fees, costs, and such other relief that this Court deems just and proper.

## JURISDICTION AND VENUE

2.  Mr. Santiago brings this action under the Eighth Amendment to the United States Constitution and <u>Bivens v. Six Unknown Named Agents of Fed. Bur. of Narcotics</u>, 403 U.S. 388 (1971).

3.  Under 28 U.S.C. § 1331, Mr. Santiago invokes the Court's federal question jurisdiction.

4.  Under 28 U.S.C. § 1391(b), venue is proper in this district because a substantial part of the events or omissions giving rise to this action occurred in Philadelphia, Pennsylvania.

5.  This Court has <u>in personam</u> jurisdiction over Defendants because, <u>inter alia</u>, each caused harm by an act or omission committed in the Commonwealth of Pennsylvania.

6.  Mr. Santiago has exhausted the administrative remedy process.

## PLAINTIFF

7.  Plaintiff Marcos F. Santiago, was at all relevant times an inmate at the Federal Detention Center in Philadelphia, Pennsylvania.

## DEFENDANTS

8.  Defendant Keith Fields was at all relevant times a Lieutenant at the Federal Detention Center in Philadelphia, Pennsylvania. Mr. Santiago sues Defendant Fields in his individual capacity.

9.  Defendant Keith Hampton was at all relevant times a correctional officer at the Federal Detention Center in Philadelphia, Pennsylvania. Mr. Santiago sues Defendant Hampton in his individual capacity.

10. Defendant Patrick Henderson was at all relevant times a correctional officer at the

Federal Detention Center in Philadelphia, Pennsylvania. Mr. Santiago sues Defendant Henderson in his individual capacity.

11. Defendant C. Hemmings was at all relevant times a correctional officer at the Federal Detention Center in Philadelphia, Pennsylvania. Mr. Santiago sues Defendant Hemmings in his individual capacity.

12. Defendant S. Morello was at all relevant times a correctional officer at the Federal Detention Center in Philadelphia, Pennsylvania. Mr. Santiago sues Defendant Morello in her individual capacity.

### BASIS FOR ACTION

13. Mr. Santiago incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

14. On or about March 28, 2005, Mr. Santiago sat alone in a cell inside of the Federal Detention Center in Philadelphia, Pennsylvania.

15. Defendants entered Mr. Santiago's cell, and without adequate provocation, Defendant Fields punched, kicked, choked, and otherwise used excessive force against Mr. Santiago, while Mr. Santiago presented no physical threat to Defendants.

16. During the attack, at least two other Defendants assisted Defendant Fields by holding Mr. Santiago down while Defendant Fields beat and choked him.

17. Throughout the attack, Mr. Santiago's wrists and ankles were shackled in irons that greatly restricted his leg and arm movement.

18. Defendants acted maliciously, for the purpose of causing harm, rather than in a good faith effort to maintain or to restore discipline.

19. Defendants' use of excessive force physically injured Mr. Santiago's face, neck,

and head, causing him pain and suffering and requiring him to receive medical attention.

20.  Throughout the beating, the Defendants who did not themselves participate stood in the same room, watched the attack, and could have reasonably prevented or stopped it.

## COUNT I

### EIGHTH AMENDMENT: MALICIOUS AND SADISTIC USE OF FORCE BY PRISON OFFICIALS

21.  Mr. Santiago incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

22.  On or about March 28, 2005, Mr. Santiago's right to be free from cruel and unusual punishment was clearly established.

23.  Defendants, acting under color of federal law, deprived Mr. Santiago of his constitutional right to be free from cruel and unusual punishment.

24.  Defendants used excessive force against Mr. Santiago maliciously, for the purpose of causing harm, rather than in a good faith effort to maintain or to restore discipline.

25.  Defendants' use of force was more than de minimis, and their attack injured Mr. Santiago.

26.  A reasonable corrections officer in each Defendant's position would have known that his conduct was unlawful in the situation he confronted.

27.  On or about March 28, 2005, a reasonable correctional officer at the Federal Detention Center in Philadelphia would have known that the infliction of excessive force on a prisoner sadistically and maliciously for the very purpose of causing harm and which, in fact, causes harm violates the Eighth Amendment's prohibition of cruel and unusual punishment.

28.  Therefore, Mr. Santiago is entitled to relief.

## COUNT II

## EIGHTH AMENDMENT: FAILURE TO INTERVENE

29. Mr. Santiago incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. By attacking Mr. Santiago, Defendant Fields and his accomplices violated Mr. Santiago's right to be free from cruel and unusual punishment.

31. Corrections officers have a duty to intervene to prevent and to stop the use of excessive force by a fellow officer.

32. Those Defendants who did not themselves participate in Mr. Santiago's beating but who were present and watched the attack had a reasonable opportunity to intervene.

33. Had these Defendants intervened, Mr. Santiago would have suffered less or possibly no harm.

34. These Defendants, who acted under color of federal law, failed to intervene.

35. By failing to intervene, these Defendants deprived Mr. Santiago of his constitutional right to be free from cruel and unusual punishment.

36. A reasonable corrections officer in each Defendant's position would have known that his conduct was unlawful in the situation he confronted.

37. On or about March 28, 2005, a reasonable correctional officer at the Federal Detention Center in Philadelphia would have known that a correctional officer's failure to intervene to prevent or to stop another officer's beating of an inmate violates the Eighth Amendment's prohibition of cruel and unusual punishment when the non-attacking officer had a reasonable opportunity to intervene and simply refused to do so.

38. Therefore, Mr. Santiago is entitled to relief.

## JURY TRIAL DEMAND

39.   Pursuant to Fed. R. Civ. P. 38(b), Mr. Santiago demands a trial by jury of all of the claims asserted in this Complaint.

### Prayer for Relief

**WHEREFORE,** Mr. Santiago prays as follows:

40.   That Defendants' actions be adjudged to have violated Mr. Santiago's right under the Eighth Amendment of the United States Constitution to be free from cruel and unusual punishment.

41.   That judgment be entered for Mr. Santiago against Defendants for nominal, compensatory, and punitive damages, together with the costs of this litigation, including reasonable attorneys' fees, and any other relief that the case may require and that the Court may deem just and proper.

Dated: April 9, 2007                                Respectfully Submitted:

/s/ LAP7228
Stephen D. Brown
Catherine J. Rosato
Luke A.E. Pazicky
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA  19104-2808
Telephone:  +1 215 994 4000
Facsimile:   +1 215 994 2222

Attorneys for Plaintiff
Marcos F. Santiago

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day a true and correct copy of the foregoing Plaintiff's First Amended Complaint was served via first class mail on the following counsel of record:

>Annetta Foster Givhan
>U.S. Attorney's Office
>615 Chestnut Street
>Suite 1250
>Philadelphia, PA 19106

Dated: April 9, 2007                                               /s/ LAP7228
                                                                               Luke A. E. Pazicky