# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MARCOS F. SANTIAGO, | ) | CIVIL ACTION |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) |  |
|  | ) |  |
| LIEUTENANT KEITH FIELDS | ) |  |
| OFFICER KEITH HAMPTON | ) |  |
| OFFICER PATRICK HENDERSON | ) |  |
| OFFICER CARL HEMMINGS, | ) | Case No.:  05-4884 |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF PLAINTIFF'S ALLEGED PRISON MISCONDUCT

Since becoming a prisoner, Mr. Santiago has been accused of acts of inmate misconduct and been disciplined through the Bureau of Prisons' internal disciplinary system. Courts routinely exclude evidence of alleged misconduct by inmates in prisoner civil rights actions such as this one. *See, e.g., Hynes v. Coughlin*, 79 F.3d 285, 290-93 (2d Cir. 1996); *Holloway v. Mitchell-Oddey*, 488 F. Supp. 2d 239, 240 (N.D.N.Y. 2007); *Eng v. Scully*, 146 F.R.D. 74, 77-78 (S.D.N.Y. 1993); *Giles v. Rhodes*, Civ. A. No. 94-6385, 2000 WL 1425046, at *10-12 (S.D.N.Y. Sept. 27, 2000); *Lataile v. Ponte*, 754 F.2d 33, 34-38 (1st Cir. 1985); *Lewis v. Velez*, 149 F.R.D. 474, 479-81 (S.D.N.Y. 1993). The same result should occur here. Mr. Santiago's alleged acts of misconduct have no bearing on whether he was attacked on March 28, 2005 and are, thus, irrelevant. Moreover, admitting evidence of alleged misconduct by Mr. Santiago would violate

1

Federal Rules of Evidence 404(b), 403, and 608(b); thus, any evidence of or questioning about those alleged acts should be excluded.

## STATEMENT OF FACTS

Since becoming an inmate, Mr. Santiago has been accused of various instances of misconduct, both before and after the 6:00 p.m. restraint check on March 28, 2005. For most if not all of those alleged instances, an incident report was generated and an internal disciplinary hearing held that adjudicated Mr. Santiago guilty. Mr. Santiago's alleged acts of misconduct include: (1) tossing a metal detector and trash can on the floor in April 2007; (2) threatening FDC staff and inmates with a bucket of hot water in January 2005; (3) failing to clean his cell in August 2004; (4) being insolent to a staff member in January 2004; (5) refusing to obey a guard's order to stop talking to other inmates through the toilet system in August 2003; (6) possessing a piece of metal and allegedly using it to attempt to cut himself in September 2003; (7) failing to follow safety regulations in July 2003; (8) attempting to mail a letter to his brother through his girlfriend in May 2003; and (9) possession of a cigarette in the Special Housing Unit in February 2003.

The day before the attack at issue in this case, Mr. Santiago allegedly committed two additional acts of misconduct. First, the morning of March 27, 2005, he allegedly ignored a correctional officer's order that he rotate cells. *See* Ex. 1, 0301-02, at 0301. That correctional officer had no role in the two-hour restraint check the following day that is at issue. Defendant Fields investigated this incident. *Id.* at 0302.

The second incident occurred later in the day on March 27, 2005, when bodily waste was allegedly thrown by Mr. Santiago on a different correctional officer who also

had no role in the March 28, 2005 restraint check at issue in this case. *See* Ex. 2, 0278-79. That second alleged act by Mr. Santiago on March 27, 2005 resulted in a forced cell extraction that Defendant Fields supervised and that Defendant Henderson participated in. *See* Ex. 3, Fields Dep., at 167:23-169:11; *see also* Ex. 4, at 0284. Defendant Fields mentioned this incident in the summary judgment motion he filed in 2005. Defense Counsel later represented that the summary judgment motion in 2005 "only mentioned the March 27, 2005 incident to explain why Mr. Santiago was in restraints on March 28, 2005, the date of the spitting incident at issue." *See* Ex. 5, Defs.' Resp. in Opp. to Pl.'s Motion To Compel, at 2.

On April 30, 2009, Plaintiff's Counsel wrote a letter to Defense Counsel that is attached as Exhibit 6. In that letter, Plaintiff's Counsel wrote, in relevant part:

> Judge Rice's scheduling order requires both sides to file any motions in limine by June 2. We do not want to file any unnecessary motions in limine, as doing so would waste your time, our time, and Judge Rice's time. To prevent that, it would benefit everyone if you could do the following: . . . [P]lease advise us whether, at trial, you intend to ask any questions or offer any evidence about any alleged instances of inmate misconduct involving our client other than what occurred during the restraint check at approximately 6:00 pm on March 28, 2005. If so, please identify the date and nature of the incident.

Ex. 6, April 30, 2009 Letter from C. Rosato, Esq. to A. Givhan, Esq. Defendants never answered this letter. Therefore, in an abundance of caution, Mr. Santiago now respectfully moves to preclude Defendants from introducing into evidence information, testimony, or documents relating to acts of prior or subsequent misconduct by him other than any alleged misconduct during his 6:00 p.m. restraint check on March 28, 2005.

## ARGUMENT

**I.   EVIDENCE OF MR. SANTIAGO'S PRIOR AND SUBSEQUENT ACTS OF MISCONDUCT WHILE INCARCERATED IS INADMISSIBLE UNDER RULES 401, 403, 404(b), AND 608(b).**

At trial, Defendants may attempt to introduce into evidence allegations of misconduct committed by Mr. Santiago during his incarceration to distract the jury from Defendants' unconstitutional behavior. Evidence of Mr. Santiago's alleged disciplinary incidents is irrelevant, inadmissible character evidence, and unfairly prejudicial. Moreover, Rule 608(b) is of no help to Defendants because the alleged misconduct is not probative of truthfulness.

**A.   Evidence of Mr. Santiago's Alleged Acts of Misconduct While Incarcerated Is Inadmissible Because Those Acts Are Irrelevant.**

Mr. Santiago's alleged acts of misconduct while incarcerated are irrelevant to the issues in this case. The central issue in this case is whether Defendant Fields punched, kicked, and choked Mr. Santiago while the other defendants held him on the ground. Mr. Santiago's prior and subsequent disciplinary incidents do not "make the existence of any fact that is of consequence to the determination" of that excessive force "more probable or less probable" to have occurred. *See* Fed. R. Evid. 401.

Courts have routinely excluded prison disciplinary records in excessive-force cases because those records are irrelevant. In *Eng v. Scully*, 146 F.R.D. 74 (S.D.N.Y. 1993), for instance, a prisoner sued correctional officers for allegedly attacking him. Before trial, the plaintiff moved to exclude his "disciplinary record as an inmate, including a record of his previous confrontations with corrections officers and other inmates." *Id.* at 77. The defendants claimed they sought to introduce evidence of the

4

plaintiff's disciplinary record to prove that he intended to commit an assault and precipitate the alleged attack. *Id.*

After noting the jury had to determine whether "force was applied in a good-faith effort to restore order, or whether it was applied maliciously for the purpose of causing harm," the district court excluded the disciplinary records as irrelevant. *Id.* at 77-78. "The force applied by the Defendants," the court emphasized, "is the fact of consequence to the determination of this action; evidence of Plaintiff's intent or motive will not aid the finder of fact in determining the amount of force applied. Fed. R. Evid. 401." *Id.* Thus, the court held that the plaintiff's "disciplinary records are not relevant to this action, and are therefore inadmissible." *Id.* at 78.[1]

Here, Mr. Santiago's alleged violations of prison policy have no bearing on whether Defendants attacked him. It is the officers whose actions are at issue, and as such, Mr. Santiago's disciplinary record will not make any fact in question more or less probable. Indeed, even with respect to the incident involving bodily waste on March 27, Defense Counsel herself conceded the only reason that incident could be relevant is "to explain why Mr. Santiago was in restraints on March 28, 2005, the date of the spitting incident at issue." *See* Ex. 5, Defs.' Resp. in Opp. to Pl.'s Motion To Compel, at 2. The reason Mr. Santiago was in restraints, however, has no bearing on whether Defendants attacked him. Consequently, any alleged acts of inmate misconduct by Mr. Santiago are irrelevant and should be excluded.

---

[1] *See also Holloway v. Mitchell-Oddley*, 488 F. Supp. 2d 239, 240 (N.D.N.Y. 2007) (holding that prisoner-plaintiff's prison disciplinary record had no relevance to the issues in a § 1983 action except for the improper purpose of showing propensity); *Lewis v. Velez*, 149 F.R.D. 474, 479-81 (S.D.N.Y. 1993) ("Because the plaintiff's state of mind is not at issue, prior acts evidence is not admissible on the basis that it is probative of his intent;" excluding evidence of prisoner-plaintiff's disciplinary history).

**B.   Mr. Santiago's Alleged Acts of Misconduct Constitute Inadmissible Character Evidence.**

Defendants may attempt, impermissibly, to use Mr. Santiago's internal prison disciplinary records to attack his character. However, under Federal Rule of Evidence 404(b), evidence of other crimes, wrongs, or acts is not admissible to "prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b).[2] The reason for this rule of exclusion is clear:

> [Such evidence] tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

*Lataille v. Ponte*, 754 F.2d 33, 35 (1st Cir. 1985) (quoting Federal Rule of Evidence 404(a) Advisory Committee note; reversing district court for admitting prisoner-plaintiff's disciplinary records in an excessive-force case).

Rule 404(b) only permits evidence of prior acts for purposes other than showing action in conformity with those acts, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). None of those exceptions apply here, and Mr. Santiago's internal disciplinary

---

[2]     Rule 404(b) states:

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

record will provide no insight into whether Defendants attacked him on March 28, 2005.

At trial, Defendants will in all likelihood attempt to prejudice the jury against Mr. Santiago by using his disciplinary record to portray him as an violent and uncontrollable inmate who deserved to be beaten. That is precisely the kind of tactic Rule 404(b) prohibits. Indeed, courts routinely exclude prisoner-plaintiffs' disciplinary records when offered to show that the plaintiff is "a violent person and that he, therefore, must have been the aggressor and precipitated the assault." *Lataille*, 754 F.2d at 37. Use of this type of evidence, even where purported to show a party's "aggravated state of mind" still constitutes "no more than a veiled attempt to do what Rule 404(b) expressly prohibits-- introducing evidence of bad acts to show [a person's] propensity to commit such acts." *Berkovich v. Hicks*, 922 F.2d 1018, 1022-23 (2d Cir. 1991) (holding that evidence of civilian complaints against the defendant-police officer in a civil rights trial was inadmissible to show the officer's propensity to commit the alleged acts).[3] Therefore, evidence of this nature falls squarely within Rule 404(b) and should be excluded.

---

[3] *Accord Lewis*, 149 F.R.D. at 479 ("Pursuant to Rule 404(b), Mr. Lewis' disciplinary records may not be admitted to show a propensity for violence;" excluding prisoner-plaintiff's disciplinary records); *Hynes*, 79 F.3d at 291 (reversing district court for admitting prisoner-plaintiff's disciplinary records to show that he had an aggressive character and was therefore more likely than not the aggressor); *Holloway*, 488 F. Supp. 2d at 240 ("The primary issue in this case is who initiated the interaction between Plaintiff and Defendants. Neither Plaintiff's prison disciplinary record, nor his past conviction for assault, has relevance to this issue for any purpose except to show propensity;" excluding prisoner-plaintiff's disciplinary records); *Eng*, 146 F.R.D. at 77 (citing Rule 404(b) and excluding evidence of prisoner-plaintiff's disciplinary records); *Giles v. Rhodes*, Civ. A. No. 94-6385, 2000 WL 1425046, at *11 (S.D.N.Y. Sept. 27, 2000) ("The evidence of [the prisoner-plaintiff's] disciplinary infractions is quintessential 404(b) character evidence that has no place in this litigation and defendants do not dispute this;" excluding evidence of plaintiff's disciplinary records).

**C.    Evidence of Mr. Santiago's Alleged Acts of Misconduct While Incarcerated Is Inadmissible Because the Prejudice Incurred by Mr. Santiago Would Far Outweigh any Incremental Probative Value.**

Even if any alleged acts of inmate misconduct by Mr. Santiago were admissible pursuant to one of the alternatives under Rule 404(b), Rule 404(b) presents only the first hurdle in admitting evidence of prior bad acts. Evidence that may fit an exception to Rule 404(b) remains subject to exclusion based upon the balancing test of Federal Rule of Evidence 403.

Rule 403 requires excluding evidence when the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.[4] Here, introducing Mr. Santiago's alleged misconduct would severely prejudice his case. Upon learning of Mr. Santiago's alleged misconduct, it is highly likely that jurors would be unwilling to evaluate Defendants' alleged conduct objectively. *See, e.g., Lataille*, 754 F.2d at 35-37 (citing to the Advisory Committee Notes to Rule 404(a) that prior misconduct is of slight probative value, tends to distract the trier of fact, and allows a jury to punish the "bad man" despite what the evidence in the case actually shows); *Hynes*, 79 F.3d at 293 (finding the trial court's admission of inmate's prison disciplinary record reversible error because of lack of confidence that prison records did not substantially influence the jury). The probative value of that evidence, meanwhile, would be negligible. Mr. Santiago's disciplinary record would offer no help to a jury in deciding whether Defendants used excessive force.

---

[4] Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

It is particularly compelling to exclude Mr. Santiago's alleged throwing of bodily waste on a correctional officer. If jurors learn about that incident, they would likely develop an extreme, emotional dislike for Mr. Santiago and unfairly pre-judge his entitlement to recovery. The only possible theory of relevance Defense Counsel has offered for that event is "to explain why Mr. Santiago was in restraints on March 28, 2005, the date of the spitting incident at issue." *See* Ex. 5, Defs.' Resp. in Opp. to Pl.'s Motion To Compel, at 2. The only item the jury needs to learn about those restraints, however, was that Mr. Santiago was in them when Defendants entered his cell on March 28, 2005. Why he was in those restraints in immaterial. Accordingly, fairness and Rule 403 mandate excluding evidence of this incident and Mr. Santiago's other alleged acts of misconduct.

### D.   Mr. Santiago's Alleged Misconduct While Incarcerated Constitutes Inadmissible Impeachment Evidence.

Defendants may also attempt to use Mr. Santiago's alleged misconduct to attack his credibility as a witness. Defendants' problem is that Rule 608(b) provides that instances of prior conduct of a witness may only be introduced on cross-examination and even then may only be introduced as impeachment evidence "*if probative of truthfulness or untruthfulness*." Fed. R. Evid. 608(b) (emphasis added). In accordance with the plain terms of Rule 608(b), courts have found inmates' disciplinary history inadmissible to impeach credibility unless that history reflects dishonesty or deceit. *See Lewis*, 149 F.R.D. at 481 ("While impeachment is indeed a proper purpose for the introduction of prior acts, none of the acts chronicled in Mr. Lewis' disciplinary record reflect dishonesty or deceit;" precluding defendants from using prisoner-plaintiff's disciplinary history to

impeach his credibility); *Giles*, 2000 WL 1425046, at *10-11 (refusing to allow defendants to cross-examine prisoner-plaintiff about all instances of alleged inmate misconduct except for three charges that "clearly involve untruthfulness" but even then prohibiting defendants from delving into the underlying details of the infractions to avoid prejudicing the plaintiff's case).

Here, none of Mr. Santiago's alleged acts of inmate misconduct bear on his truthfulness. In other words, none of his alleged acts – such as allegedly tossing objects and bodily waste, being insolent, and refusing to rotate cells – are probative of his truthfulness; therefore, Defendants should not be permitted to ask Mr. Santiago about those acts during cross-examination.

## CONCLUSION

For the foregoing reasons, Mr. Santiago respectfully requests that this Court preclude Defendants and their counsel from introducing at trial any evidence or argument regarding this irrelevant and prejudicial information.

Respectfully submitted:

/s/   *Luke A. E. Pazicky*
Stephen D. Brown, Esquire
Catherine J. Rosato, Esquire
Luke A. E. Pazicky, Esquire
Joshua Richards, Esquire
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

June 2, 2009                                        *Attorneys for Plaintiff*