UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| MARCOS F. SANTIAGO, | CIVIL ACTION |
| Plaintiff, | |
| vs. | |
| LIEUTENANT KEITH FIELDS<br>OFFICER KEITH HAMPTON<br>OFFICER PATRICK HENDERSON<br>OFFICER CARL HEMMINGS, | Case No.: 05-4884-TMG |
| Defendants. | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE OF
PLAINTIFF'S PRIOR ARRESTS AND CONVICTIONS

Prior to the conviction for which he is presently incarcerated, Mr. Santiago had been arrested for and convicted of a series of other offenses. Mr. Santiago's prior bad acts have no bearing on whether he was attacked on March 28, 2005 and are, thus, irrelevant. Moreover, admitting evidence of Mr. Santiago's prior arrests and convictions would violate Federal Rules of Evidence 403, 404, and 609; accordingly, any evidence of or questioning about those alleged acts should be excluded.[1]

---

[1] On April 30, 2009, Plaintiff's Counsel wrote a letter to Defense Counsel that is attached as Exhibit A. In that letter, Plaintiff's Counsel wrote, in relevant part:

> Judge Rice's scheduling order requires both sides to file any motions *in limine* by June 2. We do not want to file any unnecessary motions *in limine*, as doing so would waste your time, our time, and Judge Rice's time. To prevent that, it would benefit everyone if you could do the following: . . . [P]lease advise us whether, at trial, you intend to ask any or offer any evidence about any arrest or conviction of our client.
> 
> (footnote continued)

## STATEMENT OF FACTS

In April 2004, Mr. Santiago was convicted of conspiracy to interfere with commerce by robbery, possession of a firearm in furtherance of a crime of violence, and felon in possession of a firearm. He is currently serving a prison sentence for these convictions and is scheduled to be released in 2031.

Mr. Santiago has previous convictions for disorderly conduct (March 3, 1997; February 16, 2000; November 24, 2001), possession of an alcoholic beverage under the age of 21 (June 25, 1997), harassment (unidentified date), theft by unlawful taking or disposition (April 27, 1999), criminal trespass (April 27, 1999), drug-related loitering (March 4, 2001), retail theft (March 20, 2001; April 24, 2001; December 29, 2001), and false identification to law enforcement authorities (August 18, 2001).[2]

Mr. Santiago was arrested for robbery (arrested on May 19, 2002), aggravated assault (complaint filed on August 13, 2002), and possession of cocaine/drug paraphernalia (arrested September 22, 1997); the disposition of those charges is unknown to Mr. Santiago's counsel.[3]

---

(continued)
Ex. A, April 30, 2009 Letter from C. Rosato, Esq. to A. Givhan, Esq. Defendants never answered that letter. Therefore, in an abundance of caution, Mr. Santiago now respectfully moves to preclude Defendants from introducing into evidence information, testimony, or documents relating Mr. Santiago's arrests and convictions.

[2] Mr. Santiago also has a juvenile arrest and conviction record: he was arrested for unauthorized use of a motor vehicle (November 5, 1994, age 16) and criminal possession of a weapon (December 14, 1994, age 16). Charges of retail theft were dismissed (arrest January 30, 1995, age 16; dismissed July 24, 1997). The disposition of charges for theft (August 24, 1994, age 16) is unknown.

[3] By filing this motion Mr. Santiago does not in any way waive the right to challenge the validity of any of the aforementioned arrests or convictions.

## ARGUMENT

### I. EVIDENCE OF MR. SANTIAGO'S ARRESTS AND CONVICTIONS IS IRRELEVANT AND INADMISSIBLE UNDER RULES 403, 404 AND 609.

At trial, Defendants may attempt to introduce Mr. Santiago's arrests and convictions. These arrests and convictions are irrelevant to Mr. Santiago's action and to his credibility. With one exception only, a conviction for false identification, Mr. Santiago's arrests and convictions can be grouped into the following categories: crimes involving theft (theft by unlawful taking or disposition, robbery, retail theft), crimes involving disorderly behavior (disorderly conduct, harassment), substance-related crimes (possession of an alcoholic beverage under 21, drug-related loitering, possession of cocaine/drug paraphernalia), firearm crimes (possession of a firearm in furtherance of a crime of violence, and a felon in possession of a firearm), and trespass.

Mr. Santiago's criminal arrests and convictions are irrelevant to the issues in this case, and their admission will unfairly prejudice the jury. Moreover, evidence describing the convictions for which Mr. Santiago was incarcerated, or any other arrests or convictions, is inadmissible character evidence. With only one exception, none of these arrests or convictions are probative of Mr. Santiago's truthfulness. Therefore, the Court should preclude Defendants and their counsel from referring to and/or introducing this evidence at trial.

#### A. Evidence of Mr. Santiago's Arrests And Criminal Convictions Is Inadmissible Because it is Irrelevant.

Because it is Defendants' excessive force that is at issue in this action and not Mr. Santiago's personal history, Mr. Santiago's arrests and convictions do not "make the existence of any fact that is of consequence to the determination of the action more

3

probable or less probable" to have occurred. Fed. R. Evid. 401. In *Foulk v. Charrier*, another excessive force case, the Court of Appeals affirmed the district court's exclusion of evidence of the specific nature of a prisoner's felony convictions because they were not relevant to whether the Defendants used excessive force. 262 F.3d 687, 699 (8th Cir. 2001). Consistent with *Foulk*, the facts at issue in this action have no relationship to whether or not Mr. Santiago has prior convictions or arrests; admission of those convictions or arrests therefore will not clarify or make more or less likely any material fact in this action. Accordingly, the Court should exclude any evidence of Mr. Santiago's arrests or convictions from trial.

### B.  Evidence of Mr. Santiago's Arrests and Criminal Convictions is Inadmissible Because the Prejudicial Effect would far Outweigh any Incremental Probative Value.

Mr. Santiago would be deeply prejudiced by the introduction of evidence of his criminal record. Federal Rule of Evidence 403 requires the exclusion of evidence when the probative value is substantially outweighed by the danger of unfair prejudice.[4] The prejudicial effect of evidence describing Mr. Santiago's criminal history would be severe and irreparable. Jurors who learn that Mr. Santiago was involved in a number of felonies may be unwilling to find Defendants liable for using excessive force against him, merely because of Mr. Santiago's past convictions. Those prejudices are inappropriate and would have no place in a fair trial. Knowledge of the specific nature of a prisoner's felony convictions has the potential to so deeply prejudice the jury that its ability to

---

[4]  Rule 403 states that "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

4

weigh other factual issues could be impaired. *See Tabron v. Grace*, 898 F.Supp. 293, 295 (M.D. Pa. 1995).

The probative value of evidence of Mr. Santiago's prior convictions, meanwhile, would be extremely low, as crimes involving theft, drugs, firearms, disorderly conduct and trespass have minimal bearing on credibility. *Davenport v. DeRobertis*, No. 83-4392, 1986 U.S. Dist. LEXIS 27332, at *7-8 (N.D. Ill. Mar. 31, 1986) (granting a motion *in limine* to exclude plaintiffs' prior convictions not related to honesty or false statements because the convictions were "minimally probative of . . . credibility and very likely to cause prejudice to plaintiffs since jurors might be unwilling to award damages once they have focused on the specific serious crimes which resulted in plaintiffs' incarceration"). Similarly, a plaintiff's assault conviction has no relevance to the issues presented in an excessive force case. *See Holloway v. Mitchell-Oddey*, 488 F.Supp.2d 239, 240 (N.D.NY. 2007) (excluding a prior conviction of assault as prohibited by Rules 403 and 404(b)); *see also United States v. Scarfo*, 850 F.2d 1015, 1018 (3d Cir. 1988), *cert. denied*, 488 U.S. 910 (1988) (finding evidence of prior bad acts admissible only if "probative of a material issue other than character"). Evidence of Mr. Santiago's criminal convictions and arrests bears no substantive relationship to the issue of whether Defendants attacked him. The probative value of that evidence is thus insubstantial at best.

Admitting evidence of past crimes runs a significant risk of prejudicing the jury while adding little to no probative value.[5] Accordingly, such evidence should be excluded pursuant to Federal Rule of Evidence 403.

### C. Evidence of Mr. Santiago's Arrests and Criminal Convictions is Inadmissible Character Evidence.

At trial, Defendants will likely attempt to prejudice the jury against Mr. Santiago by seeking to use evidence of past arrests and convictions to portray Mr. Santiago as a person of bad character. However, under Federal Rule of Evidence 404(b), "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). The reason for this rule of exclusion is clear:

> [Such evidence] tends to distract the trier of fact from the main question of what actually happened on the particular occasion. It subtly permits the trier of fact to reward the good man and punish the bad man because of their respective characters despite what the evidence in the case shows actually happened.

*Lataille v. Ponte*, 754 F.2d 33, 35 (1st Cir. 1985) (quoting Federal Rule of Evidence 404(a) advisory committee note).

Rule 404(b) permits evidence of prior acts only for purposes other than showing action in conformity with those acts, "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *See* Fed. R.

---

[5] Moreover, the introduction of prior arrests and convictions would create a confusing and unnecessary trial within a trial that would only waste the jury's time with sideshows about events totally untethered to what the jury must decide—whether Mr. Santiago was attacked.

6

Evid. 404(b). As the factual issue in this action is whether Defendants used excessive force in attacking Mr. Santiago, none of the exceptions to Rule 404(b) apply.

In contrast, any motive Defendants may have to admit evidence of Mr. Santiago's convictions and arrests falls squarely within those proscribed by Rule 404(b). Defendants may not properly introduce evidence of Mr. Santiago's arrests and convictions for the purpose of proving that he has a bad character or a propensity to act unlawfully. *See Holloway*, 488 F.Supp.2d at 240 (granting plaintiff's motion *in limine* to exclude his past criminal conviction because it had no relevance except for the improper purpose of showing propensity).

Moreover, Rule 403 still may exclude evidence that fits an exception under Rule 404(b). Mr. Santiago's arrests and convictions have no appreciable probative value, and admitting them would irreparably prejudice Mr. Santiago. Accordingly, the Court should exclude any evidence of Mr. Santiago's criminal history.

### D. Evidence of Mr. Santiago's Criminal Convictions Is Inadmissible As Impeachment Evidence.

Defendants may also seek to use Mr. Santiago's convictions to attack his credibility as a witness. Federal Rule of Evidence 609(a)(1) describes when one may admit evidence of a witness' conviction for impeachment purposes:

> For the purpose of attacking the character for truthfulness of a witness . . . evidence that a witness other than an accused has been convicted of a crime shall be admissible, *subject to Rule 403*, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted.

Fed. R. Evid. 609(a)(1) (emphasis added). By incorporating Rule 403, Rule 609(a)(1) explicitly requires the exclusion of evidence of a prior conviction where the prejudicial

effect of the evidence substantially outweighs its probative value. *See Tabron*, 898 F. Supp. at 294-97 ("[a] blanket assumption that any felony conviction is relevant for impeachment purposes in any case would seem to render meaningless the deliberate insertion of Rule 403's balancing test into Rule 609(a)(1).").

Courts may take a number of factors into consideration when applying the Rule 403 balancing test incorporated in Rule 609(a)(1), including: (1) the importance of the witness' testimony to the case; (2) the centrality of the witness' credibility; (3) the potential for prejudice from admitting the conviction; (4) the kind of crime involved and the impeachment value of the prior crime; (5) when the conviction occurred; and (6) the similarity of the past crime to the case before the court. *Pettijohn v. Wusinich*, 705 F. Supp. 259, 260 (E.D. Pa. 1989) (citing *Government of Virgin Islands v. Bedford*, 671 F.2d 758, 761 n. 4 (3d Cir. 1982)); *Tabron*, 893 F. Supp. at 293.

i. **The *Pettijohn* Factors Support Exclusion of Mr. Santiago's Convictions.**

The first three *Pettijohn* factors apply to all of Mr. Santiago's convictions in favor of exclusion. Beginning with the first two factors, Mr. Santiago's testimony is central to the case and the jury's assessment of his credibility will determine whether his testimony, and thus his version of the incident, is believable. The outcome of Mr. Santiago's case will hinge entirely on the basis of his testimony. When a witness' credibility is central to the case, as it is here, courts have consistently found that the increased opportunity for substantial prejudice requires exclusion of prior convictions. *Pettijohn*, 705 F.Supp. at 259 (excluding seven of inmate's convictions because of the importance of prisoner's testimony in prisoners' civil rights actions).

Turning to the third *Pettijohn* factor—the potential for prejudice—Mr. Santiago would be deeply prejudiced by the introduction of prior convictions. To admit them would create a substantial risk that jurors would find against Mr. Santiago merely because they think convicted criminals are not entitled to recover damages. The importance of Mr. Santiago's credibility and the likely resulting prejudice of admission weigh heavily against the admissibility of Mr. Santiago's prior arrests and convictions.

The other factors identified in *Pettijohn* also militate strongly in favor of excluding Mr. Santiago's convictions. With respect to the fourth and fifth factors, the nature and timing of Mr. Santiago's convictions are such that the impeachment value is minimal. Furthermore, because this is an action about Defendants' excessive force, not Mr. Santiago's conduct, none of Mr. Santiago's past convictions are germane to this action. With the exception of the false identification conviction, none of Mr. Santiago's convictions bear on credibility or truthfulness. As discussed further in the subsections below, the fourth, fifth, and sixth *Pettijohn* factors support the exclusion of each category of Mr. Santiago's convictions, including convictions for theft, inappropriate conduct, substance possession, firearms, and trespass.

      a.    **The *Pettijohn* Factors Support Exclusion of Mr. Santiago's Convictions for Crimes of Theft.**

Evidence of convictions related to theft is inadmissible because crimes of theft do not reflect directly on credibility. *See, e.g., U.S. v. Felix*, 221 Fed. Appx. 176, 178 (3d Cir. 2007) ("robbery is not a crime of dishonesty for purposes of impeachment"); *Walker v. Horn*, 385 F.3d 321, 334 (3d Cir. 2004) (holding that "although robbery is certainly a very serious crime, it does not involve communicative or expressive dishonesty . . . .

[T]he district court erred by holding that robbery is a crime involving dishonesty . . ."). Mr. Santiago's convictions took place many years prior to the events at issue in this case; all but Mr. Santiago's most recent theft conviction occurred over six years ago (the present conviction occurred over four years ago).

### b. The *Pettijohn* Factors Support Exclusion of Mr. Santiago's Convictions for Crimes of Inappropriate Conduct.

Evidence of convictions involving inappropriate conduct is likewise inadmissible because convictions for disorderly conduct have no bearing on one's truthfulness and are consistently excluded as improper impeachment evidence. *U.S. v. Evans*, 398 F.2d 159, 165 (3d Cir. 1968) (excluding conviction under N.J. Disorderly Persons Act); *Wanke v. Lynn's Transp. Co.*, 836 F.Supp. 587, 596 (N.D. Ind. 1993) (holding disorderly conduct arrests were not on their face probative of truthfulness). Mr. Santiago's last disorderly conduct conviction was more than seven years ago. Furthermore, convictions for crimes that bear a close resemblance to actions Mr. Santiago is alleged to have taken in a current case are likely to run afoul of the rules of evidence. *See, e.g., Lewis*, 149 F.R.D. 474 at 483 (finding in a § 1983 case that admission of an assault conviction "skirts too close to the impermissible suggestion that the Mr. Santiago had a propensity towards violence and acted in conformity" with this propensity); *Williams v. Henderson*, 451 F.Supp. 328, 331 (E.D.N.Y.) ("[T]he potential for prejudice is 'greatly enhanced where, as here, the prior offense is similar to the one for which the defendant is on trial.'") (quoting *United States v. Puco*, 453 F.2d 539, 542 (2d Cir. 1971)). Disorderly conduct and harassment convictions involve conduct very similar to that of Mr. Santiago as alleged by Defendants' in their summary judgment briefing. Accordingly, admission of these

convictions would be likely to lead to substantial prejudice and will offer no aid to the jury in determining Mr. Santiago's credibility.

      c.    **The *Pettijohn* Factors Support Exclusion of Mr. Santiago's Convictions for Substance-Based Crimes.**

Evidence of substance-based convictions too is inadmissible, because substance-based crimes do not reflect on credibility. *See Lewis*, 149 F.R.D. at 481 (finding substance-based crimes do not involve "dishonesty or false statement and therefore inmate's convictions were not admissible."); *Dover-Hymon v. Southland Corp.*, No. 91-1246, 1993 WL 419705, at *6 (E.D. Pa. Sep. 27, 1993) (holding that "[e]vidence of a prior drug conviction is only minimally probative of a witness' character for truthfulness, if at all."). Mr. Santiago's last substance-based conviction took place more than seven years ago. Accordingly, admission of Mr. Santiago's convictions for substance-related offenses to impugn his credibility would be substantially prejudicial while providing no insight into Mr. Santiago's truthfulness.

      d.    **The *Pettijohn* Factors Support Exclusion of Mr. Santiago's Convictions for Firearm Crimes.**

Crimes of violence in general do not bear on credibility. *United States v. Hill*, 550 F. Supp. 983, 990 (E.D. Pa. 1982) ("Acts of assault, force or intimidation do not directly indicate an impairment of a witness' character for veracity.") (citing 3 Weinstein's Evidence ¶ 608[05] at 608-33), *aff'd* 716 F.2d 893 (3d Cir. 1983)). Courts have consistently found convictions for criminal possession of weapon should be excluded from trial because they were not probative of witness' veracity. *United States v. Agostini*, 280 F.Supp.2d 260, 262 (N.D. Iowa 2004) (granting motion *in limine* to exclude

11

evidence of alleged victim's prior conviction for criminal possession of weapon, where evidence was not probative of alleged victim's veracity given that it was for an incident of violence rather than dishonesty or making false statements). Moreover, firearm crime convictions are similar in nature to Defendants' attempt to explain away the incident that is at issue in this action—that Mr. Santiago acted violently toward his aggressors.

Courts specifically exclude past firearm crimes in § 1983 civil actions alleging use of excessive force by correctional officers. *See, e.g..*, *Velez*, 149 F.R.D. at 481 (excluding evidence of a prior assault conviction in excessive force case because of the unacceptable prejudice caused by the inference that prisoner had an aggressive disposition). Admitting such evidence would run an impermissibly high risk that jurors would infer from Mr. Santiago's past firearm crimes that Mr. Santiago had a violent demeanor and, in turn, find that Defendants were justified in their use of force based on Mr. Santiago's history alone.

e. **The *Pettijohn* Factors Support Exclusion of Mr. Santiago's Convictions for Trespass.**

Evidence of trespass convictions is inadmissible for purposes of showing a lack of credibility; Mr. Santiago's trespass conviction should be excluded from introduction at trial. Courts have held that crimes like trespass bear little relevance to credibility, and the nature of the crime is not one of deceit or fraud. *See Roach v. Zimmerman*, 677 F.Supp. 368, 373 (E.D. Pa. 1987) (finding that unlawful entrance conviction was not a crime involving dishonest or false statement and could therefore not be used to impeach witness). Furthermore, Mr. Santiago's conviction for trespass took place over nine years ago.

In sum, application of the factors under Rule 609(a)(1) favors exclusion of Mr. Santiago's prior convictions. Mr. Santiago's testimony and credibility is central to the case. As courts have consistently recognized, convictions for crimes of theft, substance abuse, firearms, disorderly conduct, and trespass simply have no bearing on one's ability to testify truthfully. Further, many years have elapsed since Mr. Santiago's last conviction. Some of Mr. Santiago's convictions also bear similarities to actions Mr. Santiago is alleged to have taken in the current case, thus giving rise to tremendous potential prejudice. The introduction of Mr. Santiago's criminal convictions in this civil lawsuit runs a substantial risk of confusing the jury and clouding the substantive issues at trial: whether Defendants' attack and use of excessive force violated Mr. Santiago's constitutional rights. Accordingly, Mr. Santiago's convictions are inadmissible as impeachment evidence at trial.

### E.  Evidence of Mr. Santiago's Criminal Arrests that did not Result in a Conviction is Inadmissible as Impeachment Evidence.

Defendants may also wish to use Mr. Santiago's past arrests to attack his credibility as a witness. Mr. Santiago's record includes past arrests of which the disposition is uncertain for robbery, aggravated assault, and possession of drugs. Federal Rule of Evidence 608(a) forbids the use of extrinsic evidence to impeach a witness's credibility, except where the character evidence is a conviction admissible under Rule 609. Defendants may not, upon failure to prove these arrests led to convictions,

introduce any extrinsic evidence pertaining to these arrests.[6] Rule 608(b) further provides that instances of past conduct of a witness may only be introduced as impeachment evidence if probative of truthfulness or untruthfulness. Fed. R. Evid. 608(b). None of the arrests recorded are relevant to the credibility of the Mr. Santiago. Here, it is clear that the past arrests for aggravated assault, drug possession and theft bear no relation to Mr. Santiago's honesty or dishonesty. This evidence therefore should be excluded.

## CONCLUSION

For the foregoing reasons, Mr. Santiago respectfully requests that the Court grant his motion *in limine* to exclude from trial evidence of his prior arrests and convictions.

---

[6] Mr. Santiago's criminal record includes arrests for robbery, aggravated assault, and possession of drugs, the disposition of which is unknown. The burden of proving admissibility under Rule 609 rests with the Defendants, and as such, Defendants must prove that Mr. Santiago was convicted of these charges and sentenced to more than one year imprisonment. To the extent Defendants prove such arrests led to convictions, Mr. Santiago's position is that each charge would be excludable under the respective analysis based on the type of crime. Robbery would be inadmissible as a theft-related crime, aggravated assault would be inadmissible as a violent crime, and possession of drugs would be inadmissible as a substance-related crime.

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARCOS F. SANTIAGO, | CIVIL ACTION |
| Plaintiff, | |
| vs. | |
| LIEUTENANT KEITH FIELDS<br>OFFICER KEITH HAMPTON<br>OFFICER PATRICK HENDERSON<br>OFFICER C. HEMMINGS | Case No.: 05-4884-TMG |
| Defendants. | |

### CERTIFICATE OF SERVICE

I, Joshua Richards, hereby certify that on June 2, 2009, Plaintiff's Motion *In Limine* to Exclude Evidence of Plaintiff's Prior Arrests and Convictions was electronically filed and is available for viewing on-line, which constitutes service as to the following counsel of record:

> Annetta Foster Givhan, Esquire
> Assistant United States Attorney
> Eastern District of Pennsylvania
> 615 Chestnut Street, Suite 1250
> Philadelphia, PA 19106-4476

Dated:      June 2, 2009

/s/ Joshua Richards
Joshua Richards, Esq.