IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARCOS F. SANTIAGO : | CIVIL ACTION |
| Plaintiff : | |
| : | |
| v. : | |
| : | |
| LIEUTENANT KEITH FIELDS, et. al : | NO. 05-4884 |
| Defendants : | |

**ORDER**

And now, this 25th day of June, 2009, upon consideration of the following motions and responses, it is hereby ORDERED that Plaintiff's Motion in Limine to Exclude Evidence of Mr. Santiago's Alleged Prison Misconduct (Doc. No. 95) is GRANTED in part and DENIED in part; Plaintiff's Motion in Limine to Exclude Evidence of Plaintiff's Prior Arrests and Convictions (Doc. No. 96) is GRANTED; Plaintiff's Motion in Limine to Exclude the Report and Testimony of Jeffrey McLaughlin (Doc. No. 97) is GRANTED; and Defendants' Motion in Limine to Include and Preclude Certain Evidence (Doc. No. 98) is GRANTED in part and DENIED in part, for the following reasons:

1. The central question in this Eighth Amendment case is whether the force defendants used "was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Santiago v. Fields, 2009 WL 693642, at *4 (E.D. Pa. Mar. 12, 2009) (Golden, J.) (quoting Whitley v. Albers, 475 U.S. 312, 320-21 (1986)). This involves both a subjective and objective inquiry. See Santiago, 2009 WL 693642 at *4 n.7. The subjective inquiry is whether the defendants acted with a sufficiently culpable state of mind that would characterize their actions as "wanton" conduct. The objective injury is whether the

matters complained of are "sufficiently serious" or "harmful enough" to establish a constitutional violation.  Id. (citations omitted).  In determining whether a corrections officer used excessive force in violation of the Eighth Amendment, the following factors should be considered: (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.  Id. at *5 (citing Whitley, 475 U.S. at 321).

Defendants claim Santiago's prior prison misconduct is relevant because it bears on defendants' objective reasonableness, which they characterize as the "core" of their qualified immunity defense.  See Defendants' Opposition to Plaintiff's Three Motions in Limine to Exclude Relevant Evidence at Trial, at 3 (E.D. Pa. filed June 9, 2009) [hereinafter Defendants' Opposition]; see also Memorandum of Law in Support of Defendants' Motion in Limine to Include and Exclude Certain Evidence at Trial, Santiago v. Fields, No. 05-4884, at 6-9 (E.D. Pa. filed June 2, 2009) [hereinafter Defendants' Motion in Limine].

Qualified immunity protects government officials from liability for conduct that does not violate clearly established constitutional rights of which a reasonable person would have known.  Santiago, 2009 WL 693642, at *8 (quoting Curley v. Klem, 298 F.3d 271, 277 (3d Cir. 2002)).  However, "[i]n cases in which a constitutional violation depends on evidence of a specific intent, 'it can never be objectively reasonable for a government official to act with the intent that is prohibited by law.'"  Monteiro v. City of Elizabeth, 436 F.3d 397 (3d Cir. 2006) (quoting Locurto v. Safir, 264 F.3d 154, 169 (2d Cir. 2001)).  The jury's decision on defendants'

state of mind in an Eighth Amendment excessive force case will also determine whether defendants are entitled to qualified immunity.  See Third Circuit Model Jury Instructions, at 128 (2008).  If the jury finds in favor of Santiago, i.e., that defendants maliciously or sadistically caused harm, defendants will be foreclosed from asserting a defense of qualified immunity.  See id.; see also Detty v. MacIntyier, 2007 WL 4179854, at *3 (E.D. Pa. Nov. 27, 2007) (Kauffman, J.) (If claimant can prove his Eighth Amendment excessive force allegations, it is not unreasonable to conclude defendant is not entitled to qualified immunity).  Even if defendants knew of Santiago's prior prison misconduct, such knowledge could not immunize them for a harm inflicted maliciously or sadistically in violation of the Constitution.

Nevertheless, Santiago's alleged prison misconduct incidents on January 11, 2005 and March 27, 2005 are relevant to prove the threshold issue of the level of force used.  Evidence of Santiago's prison misconduct is not admissible to "prove [his character] in order to show action in conformity therewith."  See Fed. R. Evid. 404(b); Lataille v. Ponte, 754 F.2d 33, 35-36 (1st Cir. 1985) (prisoner disciplinary record inadmissible to show claimant was a violent and aggressive person).  Because Lieutenant Fields was aware of Santiago's prior incidents during the event in question, these incidents are relevant to help the jury assess the need for, and the amount of, force used, and the extent Santiago posed a threat to the safety of staff and inmates.  In assessing the extent of force needed to protect staff and restore discipline, the jury should be permitted to evaluate the potential risk Santiago posed.  Although the use of force must comport with constitutional limits, a prison official may need to employ different techniques and levels of force when subduing an inmate known to have engaged in assaultive or aggressive behavior while in custody.

The probative value of introducing details of the incidents on January 11, 2005 and March 27, 2005, however, is substantially outweighed by the danger of unfair prejudice and the risk of misleading the jury. See Fed. R. Evid. 403. Evidence that Santiago previously threw a carton of feces and urine on an officer and threatened prison staff with a trash can filled with scalding hot water, see Defendants' Motion in Limine at Exh. A, 0036–37, 0123-26, 0130, 0134-35, creates the serious risk of a verdict on an improper or irrational basis. A jury may punish Santiago for his prior inherently reprehensible bad acts, and not focus on the merits of the parties' dispute. See Fed. R. Evid. 404(a), advisory committee notes.

I have broad discretion to limit probative evidence to avoid undue prejudice. See United States v. Abel, 469 U.S. 45, 48, 54-55 (1984) (to avoid undue prejudice, prosecutor barred from eliciting testimony on name of prison gang and violent punishment meted out to unfaithful gang members); cf. United States v. Jackson, 405 F. Supp. 938, 945 (E.D.N.Y. 1975) (obviating risk of unfair prejudice concerning defendant's prior arrest in Georgia with a false name by requiring defendant to stipulate that he had been in Georgia at the time and had used a false name). Accordingly, I will preclude defendants from describing the specific nature of incidents, but will permit them to establish Santiago committed "two prior incidents of assaultive behavior on January 11, 2005 and on March 27, 2005." If requested, I will give the jury a limiting instruction on the permissible use of this evidence. See Fed. R. Evid. 105.

Santiago's other alleged prison misconduct, including his chronological disciplinary record, however, is irrelevant. See Fed. R. Evid. 402. Misconduct, such as failing to clean his cell, disobeying a guard by continuing to talk through a toilet bowl, and attempting to mail a letter to his brother through his girlfriend, see Defendants' Motion in Limine, at Exh. B,

0203-06, is irrelevant to the issue whether the force defendants used was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.[1] Accordingly, these items are inadmissible.

        2.  Equally irrelevant is Santiago's conviction for conspiracy to interfere with commerce by robbery, possession of a firearm in furtherance of a crime of violence, and felon in possession of a firearm, see Memorandum of Law in Support of Motion in Limine to Exclude Evidence of Plaintiff's Prior Convictions, Santiago v. Fields, 05-4884, at *2 (E.D. Pa. filed June 2, 2009), and his prison sentence through 2031, see Memorandum of Law in Opposition to Defendants' Motion in Limine to Exclude and Include Certain Evidence at Trial, Santiago v. Fields, 05-4884, at *7 (E.D. Pa filed June 9, 2009) [hereinafter Plaintiff's Opposition]. Defendants claim such evidence bears on defendants' objective reasonableness in applying force, the "core" of their qualified immunity defense.[2]  See Defendants' Opposition at 3,8.  In this case, however, the jury's decision on the defendants' state of mind is dispositive of defendants' entitlement to qualified immunity.  See Third Circuit Model Jury Instructions, at 128.   Evidence of such limited probative value also is substantially outweighed by the danger of unfair prejudice if the jury is informed of Santiago's conviction and lengthy sentence.  See Fed. R. Evid. 403. Therefore, evidence of Santiago's prior arrests, convictions, and duration of sentence is inadmissible.

---

   [1]  Defendants fail to offer how evidence of the September 2003 incident, where Santiago possessed a piece of metal and allegedly attempted to cut himself, would show defendants used force to maintain or restore discipline, and is therefore irrelevant.

   [2]  Defendants concede evidence of Santiago's conviction and sentence are not admissible under Rule 609 of the Federal Rules of Evidence.  See Defendants' Opposition at 8.

3. The Report of Investigation prepared by Agent Jeffrey McLaughlin and documents referenced in his report constitute hearsay, and do not fall within an exclusion from, or exception to, the hearsay rule.[3]  See Fed. R. Evid. 803, 804.  McLaughlin's report and referenced documents contain eyewitness statements only from Santiago and defendants regarding the March 28, 2005 incident.[4]  See Defendants' Motion in Limine at Exh. K, 0233-40.  Further, defendants have not identified how McLaughlin's summary report is relevant.

Public reports fail to qualify as a hearsay exception under Rule 803(8) if "the sources of information or other circumstances indicate a lack of trustworthiness."  In evaluating trustworthiness, relevant factors include: (1) the timeliness of the investigation; (2) the investigator's skill or experience; (3) whether a hearing was held; and (4) possible bias when reports are prepared with a view to possible litigation.  Beech Aircraft Corp. v. Rainey, 488 U.S. 153,168  n.11 (1988) (citations omitted).  McLaughlin's report and referenced documents lack trustworthiness because no hearing was held.  Moreover, McLaughlin's report incorporates statements from defendants, the only eyewitnesses to the incident aside from Santiago, who have a strong interest in avoiding discipline for any alleged misconduct during the events of March 28, 2005.  This creates the possibility of bias.  See, e.g., Lewis v. Velez, 149 F.R.D. 474, 487-88

---

[3] Defendants may not call McLaughlin to testify about the events of March 28, 2005 or his report and conclusion.  McLaughlin lacks first-hand knowledge of the incident, see Fed. R. Evid. 602, and testimony on his evaluation of the incident and his conclusion would invade the province of the jury.

[4] The other witnesses Agent McLaughlin considered in his report are Kenneth C. Kaiser, a physician's assistant who conducted Santiago's injury assessment; William Jezior , a technician who photographed Santiago's injuries; and Timothy Bowns, a Senior Officer Specialist, who was present when medical staff examined Santiago.  See Defendants' Motion in Limine at Exh. K., 0233-40.  These three individuals did not witness the incident in question on March 28, 2005.  See id.

(S.D.N.Y. 1993) (prison investigative report incorporating statements from correction officers involved in the violence untrustworthy due to bias because correction officers' jobs were on the line and officers risked criminal and civil liability); but see Combs v. Wilkinson, 315 F.3d 548, 555-56 (6th Cir. 2002) (prison investigative report based on 123 interviews and numerous documents, and completed four months after incident admissible); Nowell v. City of Cincinnati, 2006 WL 2619846, at *3-*5 (S.D. Ohio Sept. 12, 2006) (no indication of bias in internal investigations section report summarizing statements of plaintiff, defendants, and four eyewitnesses).

Even assuming McLaughlin's report satisfied the requirements of a public record, the majority of the report is inadmissible because it contains multiple levels of hearsay. Under Rule 805, each level of hearsay must fall within a hearsay exception to be admissible. Defendants' acknowledge the double hearsay issue, stating "[if the report] . . . and documents referenced therein . . . are admissible at trial, . . . any hearsay within [McLaughlin's] report and other documents will be removed or redacted." See Defendants' Motion in Limine at 13. I have reviewed the report and referenced documents, and it appears the only item not considered double hearsay is McLaughlin's conclusion that defendants did not use excessive force in restraining Santiago. This conclusion invades the province of the jury. Furthermore, McLaughlin's conclusion appears similar to the type of expert witness testimony defendants unsuccessfully requested to introduce. See Motion of Defendants for Leave to Identify an Expert Witness Santiago v. Fields, No. 05-4884, at 5 (E.D. Pa. filed May 1, 2009) ("Defendants intend to present expert testimony on the reasonableness of the measures taken -- including the amount of force used -- by defendants in light of the circumstances which included plaintiff's assault on

7

them after they entered his cell for a mandatory restraint check."). That request was denied. See Order, Santiago v. Fields, No. 05-4884 (E.D. Pa. May 13, 2009).

The report and referenced documents are also inadmissible under Rule 403. First, they would be a "needless presentation of cumulative evidence" because information contained in these documents will be presented at trial through direct testimony of eyewitnesses. See Maldonado v. Olander, 108 Fed. Appx. 708, 712 (3d Cir. 2004) (evidence of internal affairs officer's investigation excluded because facts learned in investigation already in evidence or permitted to be introduced). Second, because a jury may give undue weight to conclusions reached by a prison investigator, the probative value will be substantially outweighed by the risk of unfair prejudice. See id.; Vance v. Peters, 97 F.3d 987, 995 (7th Cir. 1996) (jury would give inordinate weight to conclusion of hearing officer). Third, if the report and referenced documents are offered to prove defendants' use of force was constitutionally permissible, the documents invade the province of the jury, which must decide whether defendants' use of force violated the Eighth Amendment.

4. The following evidence is admitted as unopposed: Plaintiff's Original Complaint; Response to Defendant's Reply (dated Oct. 3, 2006); Plaintiff's Motion to Amend Original Complaint (dated Dec. 28, 2006); March 29, 2005 Affidavit; Response to Defendant's Memorandum of Law (dated Jan. 22, 2007); Plaintiff's First Amended Complaint; March 28, 2005 Incident Report regarding the 6:00 pm restraint check; Defendants' BOP Training Records; and BOP Policies and Procedures Manual. See Plaintiff's Opposition at 4 n.2.

5. The affidavit created for Santiago in 2008 and the March 29, 2005 photograph of Santiago marked Bates No. 0241 are inadmissible, as unopposed. See Plaintiff's Opposition

at 19 n.11. However, Santiago may use the affidavit at trial to refresh his recollection, if necessary. See Fed. R. Evid. 612.

      6. The hand-drawn picture of Santiago's cell is admissible as a mode of conveying his first-hand knowledge, and assisting the jury to understand the physical set up of the cell. See Thomas v. Conemaugh Black Lick R.R., 133 F. Supp. 533 (W.D. Pa. 1955). Defendants may cross-examine Santiago concerning the accuracy of the depiction. See Glenn v. Cessina Aircraft Co., 32 F.3d 1462, 1466 (10th Cir. 1994); 3 Wigmore on Evidence § 791, at 228. Nevertheless, both parties are urged to agree on the uncontested dimensions and position of items in the cell to create a stipulated diagram.

      BY THE COURT:

      \s\ TIMOTHY R. RICE
      HONORABLE TIMOTHY R. RICE
      United States Magistrate Judge